BEAUMONT OFFSET CORP., Harry Dickran, Ralph Duchin, G. Thomas Hansson, Susan Hansson, Ronald Lehrman, Unico Service Corp., David Whitmore, Robert Zinn and Phyllis Zito, Plaintiffs,

v.

MONTGOMERY LAND AND CATTLE CO. INC., George Scheidel, Mandel Weiss Campise Eisenberger & Mandel, and Frederick H. Mandel, Defendants.

Robert S. CHURCHILL, Plaintiff,

v.

MONTGOMERY LAND AND CATTLE CO. INC., George Scheidel, Mandel Weiss Campise Eisenberger & Mandel, and Frederick H. Mandel, Defendants.

Frederick H. MANDEL, Defendant and Third–Party Plaintiff,

v.

George M. SHORE, Third–Party Defendant.

No. 86 Civ. 7508 (MBM), 87 Civ. 9067 (MBM).

United States District Court, S.D. New York.

April 22, 1988.

Robert J.A. Zito, Spengler Carlson Gubar Brodsky & Frischling, New York City, for Beaumont Offset Corp.

Vincent J. Zichello, Bergadano Zichello Babchick, New York City, for Montgomery Land and Cattle Co. Inc.

Lori Joseph, Gersten & Churchill, New York City, for Churchill.

Diane Kanca, McDonough Marcus Cohen & Tretter, P.C., New York City, for Shore.

MUKASEY, District Judge.

Third-party defendant George Shore moves pursuant to Rules 9(b), 12(b)(1) and 12(b)(6), Fed.R.Civ.P., to dismiss the third-party complaint of defendant/third-party plaintiff Frederick Mandel for contribution. For the reasons set forth below, the motion to dismiss is denied.

## I.

The underlying complaint charges defendants with violations of the federal securities laws and common law fraud in connection with plaintiffs' tax shelter investment in a dairy farming operation. The complaint alleges, among other things, that the sellers of the investment did not own the cows, or did not have clear title to them, at the time of sale. The allegations of the complaint directed at defendant Frederick Mandel, an attorney, arise out of his preparation of tax-opinion letters which were included in two offering memoranda issued in connection with the dairy farm offering.

Mandel's third-party complaint against George Shore alleges that Shore was plaintiffs' financial advisor in connection with the dairy farm investment and that he participated in, or aided and abetted, the conduct that is the subject of the main complaint.

## II.

A motion to dismiss under Rule 12(b)(6) can be granted only when it appears that the plaintiff could prove no set of facts in support of his complaint which would entitle him to relief. *Conley v. Gibson,* 355

U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed. 2d 80 (1957). For purposes of deciding a Rule 12(b)(6) motion, the allegations of the complaint must be taken as true. *Hishon v. King & Spaulding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984).

■ The third-party complaint in this case, replete with factual allegations supporting claims for securities law violations and fraud, is sufficient to withstand dismissal. To cite just one example, the third-party complaint alleges that Shore's relationship with the plaintiffs was one of trust and confidence, that he acted as an advisor to plaintiffs with respect to finding suitable tax shelter investments for them, and that he informed plaintiffs of the dairy farm investment and advised them to invest in it. (Third-party complaint ¶¶ 6, 8) The third-party complaint also alleges that all but one of the plaintiffs believed that Shore was acting on their behalf in his dealings with the sellers of the dairy farm investment. (*Id.,* ¶ 6) The third-party complaint further alleges that the sellers paid Shore commissions on the sales of shares to the plaintiffs, and that some of the plaintiffs were not fully aware of Shore's relationship with the sellers when they received advice from Shore and purchased their shares. (*Id.,* ¶¶ 7, 9)

Accepting as true the allegation that Shore had a relationship of trust and confidence with the plaintiffs, his alleged failure to disclose to them his relationship with the sellers, including his financial benefit from sales to the plaintiffs, is actionable as an omission of a material fact under Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j. *See Affiliated Ute Citizens of Utah v. United States,* 406 U.S. 128, 152–153, 92 S.Ct. 1456, 1471–1472, 31 L.Ed.2d 741; *Sundstrand Corp. v. Sun*

*Chemical Corp.,* 553 F.2d 1033, 1043 (7th Cir.1976), *cert. denied,* 434 U.S. 875, 98 S.Ct. 224, 54 L.Ed.2d 155 (1977); *In re Scientific Control Corp. Securities Litigation,* 71 F.R.D. 491, 508–09 (S.D.N.Y. 1976); *Barthe v. Rizzo,* 384 F.Supp. 1063 (S.D.N.Y.1974). Thus, based on these allegations alone, the third-party complaint states a claim for relief and cannot be dismissed under Rule 12(b)(6).

### III.

■ In addition, there is no merit in Shore's claim that the third-party complaint fails to plead fraud with sufficient particularity as required by Rule 9(b), Fed.R. Civ.P.[1] This is not a case in which plaintiff has made only conclusory allegations that defendant's conduct was fraudulent or deceptive. *See Decker v. Massey–Ferguson, Ltd.,* 681 F.2d 111, 114 (2d Cir.1982); *Segal v. Gordon,* 467 F.2d 602, 607 (2d Cir.1972). Rather, it sets forth specific, allegedly material facts concerning the dairy farm operation and alleges that Shore, having visited the dairy farm and consulted with the sellers, either knew or recklessly disregarded these facts in advising plaintiffs to purchase shares in the dairy farm. It is not true, as Shore claims, that the third-party complaint sets forth no specific misrepresentations or actions "from which even a remote inference of fraud" can be drawn. (Third-party Defendant's Brief at 9) To the contrary, the allegation regarding Shore's undisclosed receipt of commissions suggests a motive for Shore's failure to disclose and thus adequately supports an inference of fraud. *Goldman v. Belden,* 754 F.2d 1059, 1070 (2d Cir.1985).

The allegations in the third-party complaint are more than sufficient to apprise Shore of the claims against him and the

---

1. Shore finds more significance than is warranted in the fact that many allegations in the third-party complaint are based on information and belief. The facts are clearly set forth, *Somerville v. Major Exploration, Inc.,* 576 F.Supp. 902, 909 (S.D.N.Y.1983), and it is apparent from paragraph 21 of the third-party complaint that the source of the allegations is discovery materials in the case, including Shore's own deposition. The third-party plaintiff is correct when he reasons that even though discovery materials provide a perfectly respectable source for fraud allegations, they do not transform themselves into knowledge that can be averred on any basis other than information and belief. There is every reason here, just as in cases involving facts exclusively within the knowledge of an adverse party, to relax the general rule against permitting fraud allegations based on information and belief. 2A Moore's Federal Practice, ¶ 9.03[1], 9–27–9–28 (2d ed. 1987).

acts constituting the alleged fraud, and accordingly satisfy the requirements of Fed.R.Civ.P. 9(b). *Denny v. Barber*, 576 F.2d 465, 469 (2d Cir.1978); *Felton v. Walston and Co.*, 508 F.2d 577, 581 (2d Cir.1974); *Merrit v. Libby, McNeil & Libby*, 510 F.Supp. 366, 373 (S.D.N.Y.1981).

For the foregoing reasons, the motion of third-party defendant George Shore to dismiss the third-party complaint pursuant to Rules 9(b), 12(b)(1), and 12(b)(6), Fed.R.Civ.P., is denied.